JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 11-01507 DMG (OPx) | Date | September 22, 2011 |
|---|---|---|---|

| Title | *Federal Home Loan Mortgage Corporation v. Scottie Morrow, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On July 13, 2011, Plaintiff Federal Home Loan Mortgage Corporation filed a complaint in San Bernardino County Superior Court for unlawful detainer against Defendant Scottie Morrow and Does 1 through 10. Plaintiff seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $30 per day starting on July 11, 2011. (Compl. at 3-4.) Defendant removed the case to this Court on September 20, 2011, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, diversity of citizenship, *id*. § 1332, and civil rights issues, *id*. § 1443(1).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Nor does the complaint reveal a basis for diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

The final removal statute that Defendant invokes, 28 U.S.C. § 1443(1), permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk ys |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-01507 DMG (OPx)** | Date | September 22, 2011 |
| Title | *Federal Home Loan Mortgage Corporation v. Scottie Morrow, et al.* | Page | 2 of 2 |

     A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted). Defendant's allegations fail to state a basis for removal under 28 U.S.C. § 1443(1).

     In sum, Defendant has not established a basis for subject matter jurisdiction on the face of his notice of removal. Therefore, this action must be remanded to state court and the Court need not consider Defendant's additional contentions regarding personal jurisdiction and verification of the complaint.

     In light of the foregoing, this action is hereby **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**